UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ERICK JOHNSON,

                                                  Plaintiffs,    **COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, POLICE OFFICER ALEX VIERA SHIELD NO. 14168, POLICE OFFICER PATRICK CRAIG, POLICE OFFICER DENIS OMAHONEY, JOHN DOE POLICE OFFICERS ##1-2,    DOCKET #14CV1381

                                                  Defendants.    ECF CASE

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an October 3, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York

in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Erick Johnson is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Defendant Police Officers Viera, Craig and Omahoney, at all times here relevant, were employees of the NYPD, and are sued in their individual and official capacities.

10. John Doe Police Officers, at all times here relevant, were employees of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On October 3, 2012, plaintiff was in a car in a parking lot at Albany Houses, a New York City Housing Authority residence with Kamal Bey and Ta-Muur Bey. At approximately 6:30 PM, Defendant Police Officers Omahoney and Viera approached the car and demand that Ta-Muur show them the bag he was carrying.

13. Ta-Muur Bey gave the bag to the officers and they searched it. No contraband was found in the bag. One of the officers noticed that Plaintiff was recording the incident with his phone. Upon discovering the plaintiff was recording the incident, the defendant officers became more aggressive and demanded that Plaintiff and Kamal Bey and Ta-Muur Bey get out of the car.

14. Plaintiff, Kamal and Ta-Muur then protested, in sum and substance asking why they should get out of the car if they did not commit any crime. Plaintiff was removed from the car and placed under arrest. Defendant officers subjected plaintiff to excessive force by applying his handcuffs in an unnecessarily tight manner, causing pain and discomfort. The car was searched and no contraband was found.

15. Plaintiff was charged with Obstructing Governmental Administration. After spending almost two full days in custody, his case was adjourned in contemplation of dismissal at his arraignment. Kamal and Ta-Muur Bey were also arrested and upon information and belief all charges against them were dismissed.

16. Plaintiff denies obstructing governmental administration or engaging in any other unlawful activity. Upon stopping and searching the three men, the defendant police officers engaged in unlawful and unconstitutional conduct.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. Plaintiff has requested the court file in his case, but it cannot be located by court officials.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the First, Fourth and Fourteenth Amendment to

the United States Constitution to be free from an unreasonable stop and search of plaintiff;

b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

c. Violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive force;

d. Economic and special damages, pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

21. The above paragraphs are here incorporated by reference.

22. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally stopped and searched plaintiff, falsely arrested him and subjected him to excessive force. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's

causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
                February 27, 2014

TO:    New York City
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY 10007

        Police Officer Alex Viera
        Shield No. 14168

        Police Officer Patrick Craig

        Police Officer Denis Omahoney

Yours, etc.,

*Leo Glickman* (signature)

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

5